DILLON, Judge,
concurring in part and dissenting in part.
I agree with the majority on all issues except with regard to the issue addressed in Section H.B. of its opinion, which addresses the Full Commission’s requirement that Defendants pay for Plaintiff’s housing. Accordingly, I concur, in part, and dissent, in part.
*772 On the housing issue, Defendants contend, in part, that the Commission erred by ordering Defendants to pay for the entire lease expense of Plaintiffs handicapped accessible apartment. The Commission ordered Defendants to pay, inter alia, weekly, wage-replacement benefits of “$496.77 for the remainder of Plaintiffs lifetime as provided by N.C. Gen. Stat. § 97-31(17)” and the full amount of Plaintiff’s lease payments for a handicapped accessible apartment as “other treatment” under N.C. Gen. Stat. § 97-25. The majority concluded that the Commission did not err. I agree with the majority that Defendants are, indeed, obligated to provide benefits to cover Plaintiff’s lease payment in this case. However, I believe a portion of the lease payment is being provided through the weekly benefits Defendants are paying to cover Plaintiffs ordinary expenses of life; and, therefore, I believe the Commission erred by classifying Plaintiff’s entire lease payment as “other treatment” under G.S. 97-25.
It is certainly within the discretion of the Commission to make an award for “other treatment” under G.S. 97-25. Espinosa v. Tradesource, Inc., _ N.C. App. _, _, 752 S.E.2d 153, 159 (2013). However, the Commission’s discretion to make such an award is limited to that which is reasonably “required to effect a cure or give relief[.]” Id. at_, 752 S.E.2d at 163 (citations omitted). In this case, Plaintiff’s accident required his housing arrangement to be modified. Prior to the accident, he rented an apartment, living with two other people. Now, he requires a more expensive apartment that is handicapped accessible and which allows for 24-hour attendant care. I believe in this case that some portion of Plaintiffs lease payments is an ordinary expense of life and some portion is an expense designed to “effect a cure and give relief.” By classifying the entire amount as “other treatment,” the Commission is, in effect, providing Plaintiff a double recovery of that portion of his lease expense which represents an ordinary expense of life, since he is already being compensated for this portion from the weekly benefits. I believe this is unreasonable and is not a result that was intended by our General Assembly or required by decisions of our appellate courts.
The majority differentiates this case from Espinosa, supra, in which we affirmed the Full Commission’s approach to classify a portion of the injured worker’s adaptive housing as an ordinary expense of life. Specifically, the majority points out that, unlike Espinosa, Defendants in this case were paying Plaintiff’s entire housing expenses while Plaintiff was housed at a long-term care facility and were willing to continue paying his entire housing costs if he remained at the long-term care facility, *773 rather than move into an apartment. Whether Defendants were, in fact, legally obligated to pay the entire housing cost of a nursing home or long-term care facility for Plaintiff is not before this Court, since the Commission has determined that Plaintiff should live in an apartment. However, I do not believe that Defendants’ prior willingness to pay the entire cost for Plaintiff’s housing while he remained in a long-term care facility is dispositive on the issue of whether Defendants are legally obligated to pay the entire rental expense of Plaintiff’s apartment as “other treatment” under G.S. 97-25.